The plaintiff agreed to make for the defendant one hundred fish-stands, and to deliver them at Colerain, a fishery on the Chowan, between 1 and 20 March, 1848, at the price of $1.50 apiece. The stands were made and delivered within the time specified, and the defendant received fifty of them, not in person, but by an agent. The case states that the stands were not made agreeably to contract, and the defendant refused to receive the remaining fifty.
His Honor, the presiding judge, instructed the jury that if the plaintiff made the stands according to contract and delivered them at Colerain within the time specified, he had a right to recover the amount the defendant agreed to pay; that if they were not made according to contract, and the defendant had received fifty of them, then they should find a verdict for whatever they were worth. The jury found a verdict for the plaintiff for the sum of $134.69, of which $125 was principal.
Judgment being rendered accordingly, the defendant appealed.
There is much want of precision and clearness in the statement of the alternative portion of the charge. (33) By the rules of grammar the last relative pronoun they
ought to refer to the next antecedent with which it is connected, that is, fifty stands. But such was not the understanding of the jury. If it had been, they could not have given the plaintiff damages for a sum exceeding $75, for that would have been the price of fifty stands, if made agreeably to contract; on the contrary, they have given him $125 as the value of the casks received by the defendant. The jury must have understood the court as instructing them that the defendant, by receiving a part of the stands, had made the whole number his, and was bound to pay for the whole, although the remaining fifty were not made according to contract. That they must so have understood the charge is manifest from the fact that they allowed the plaintiff damages to the amount of $125, as the value of the stands he was bound to pay for. Now, they could not have valued the fifty stands which the defendant had taken, at that price, for at $1.50 per stand — the stipulated price — they could have been valued at but $75. But the jury had said that the whole one hundred were defectively made and not according to the contract. They must, then, have valued the whole lot, upon the principle that the defendant had, by receiving *Page 33 
fifty stands, received the whole and was bound to pay for the whole what they were worth. If it was not the intention of his Honor so to charge them, he should have rectified their misconception of his meaning; if he did so intend, he erred in point of law. The stands were delivered at the place and within the time specified; upon inspection, they were found to be made not according to the contract. The defendant might have refused to receive any of them, and the plaintiff would have had no right to complain. But he did take such a portion (34) of the stands as were made nearest to his agreement — refusing the remainder. This he did without objection from the plaintiff. The contract was for one hundred stands, at the price of $1.50 per stand, and not for $150. The stands were to be delivered between 1 and 20 March. Suppose the plaintiff had delivered to the defendant fifty of them at one time, made as he had contracted they should be made, and on another day tendered fifty more, badly made, not coming up to the contract, would the defendant have been obliged to receive them, though badly made? Certainly not. If by receiving the first fifty he was bound to receive the last, it would be because he had precluded himself from refusing them, having already accepted them. The defendant, by receiving the fifty stands, did not receive the other fifty, and is only bound to pay for them what they were worth.
There was, then, error in his Honor's charge.
PER CURIAM. Judgment reversed, and a venire de novo awarded.
(35)